IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DELLWAYNE PRICE, | : |
| Plaintiff | : |
| | : CASE NO. 5:22-cv-00197-MTT-MSH |
| VS. | : |
| | : |
| SERGEANT WHITE, *et al.,* | : |
| | : PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : BEFORE THE U. S. MAGISTRATE JUDGE |
| _____ | |

## ORDER

*Pro se* Plaintiff Dellwayne Price, a prisoner at the Macon State Prison in Oglethorpe, Georgia, has filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff has also filed an incomplete motion to proceed *in forma pauperis* (ECF No. 2) and a motion to appoint an attorney (ECF No. 3).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Here, Plaintiff did not submit a certified copy of his account statement showing his transactions for the previous six months, as required by the statute. Accordingly, Plaintiff is **ORDERED** to file a certified account statement signed by a prison official and a copy of his prison trust fund account statement for the preceding six months so that

the Court may properly evaluate his motion for leave to appeal *in forma pauperis*.

Plaintiff asserts he has had difficulty when requesting a copy of his account statement. *See* ECF No. 2-1. Thus, he is instructed to show the appropriate prison official this Order when he requests a certified copy of his trust fund account statement. That statement must then be submitted to this Court within fourteen days of the date of this order. If the prison official refuses to provide the requested information, Plaintiff should notify the Court of (1) the name of the prison official from whom he requested the certified copy of his trust fund account statement; (2) the date he made such request; and (3) the date that he was notified that the prison official would not provide the requested documentation. If Plaintiff receives notification in writing from the prison official that he will not be provided a certified copy of his prison trust fund account statement, Plaintiff should provide the Court with a copy of this notification.

## MOTION FOR AN APPOINTED ATTORNEY

Plaintiff has motioned this Court to appoint him an attorney. ECF No. 3. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth essential factual allegations. *See generally* ECF No. 1. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present his allegations to the Court for review. As such, Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for an appointed attorney (ECF No. 3) is **DENIED**. Plaintiff is **ORDERED** to either pay the $402.00 filing fee or submit a certified copy of his inmate trust fund account for the preceding six months in support of his application to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** from the date of this Order.

The **CLERK** is **DIRECTED** to forward an account certification form to Plaintiff

---

any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

along with his service copy of this Order (with the case number showing on both).

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**   There will be no service of process in this case until further order of the Court.

**SO ORDERED, and DIRECTED**, this 7th day of June, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE