IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DELLWAYNE PRICE, | : |
| Plaintiff, | : |
| VS. | : NO. 5:22-CV-197-MTT-MSH |
| Sergeant WHITE, *et al.*, | : |
| Defendants. | : |

### ORDER

Pending before the Court is Defendant Jaylen White's motion to set aside default, which was filed on September 28, 2023 (ECF No. 97). Plaintiff also filed numerous motions for default judgment (ECF Nos. 87, 88, 90, 94, 100, 102). Plaintiff did not file an explicit response to the motion, but the Court construes two of his motions for default judgment as responses thereto (ECF Nos. 100, 102). For the reasons which follow, Defendant's motion is granted, and Plaintiff's motions are denied.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant "who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014). As a result, a motion made under Rule 55(c) seeking to set aside default is appropriate even if there is no formal entry of default. *Id.* A court may set aside an entry of default for "good cause[.]" Fed. R.

Civ. P. 55(c).  "Good cause" is a

> mutable standard, varying from situation to situation, but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default.  Courts should not find that good cause exists if the defaulting party demonstrates an intentional or willful disregard of the judicial proceedings.  In light of the Eleventh Circuit's strong policy of determining cases on their merits, however, default judgments are generally disfavored.

*Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 2492281, at *2 (M.D. Ga. June 13, 2019) (internal quotation marks and citations omitted).

Here, Defendant was personally served with this suit on October 26, 2022.  USM 285 Process Receipt and Return, ECF No. 52.  Thus, he was required to file his answer within twenty-one days, which fell on November 16, 2022.  Fed. R. Civ. P. 12(a)(1)(A)(i).  According to defense counsel, Defendant was contacted by the Georgia Department of Corrections ("GDC") about the lawsuit prior to being served with the lawsuit.  Def.'s Br. in Supp. of Mot. to Set Aside 1-2, ECF No. 97-2.  At that time, Defendant did not work for GDC.  *Id.* at 2.  Based on his conversation with GDC, Defendant understood that GDC would request representation from the Georgia Department of Law.  *Id.*  After he was served, Defendant expected that he would be provided representation.  *Id.*  On September 28, 2023, Defendant learned that the matter had not been handled appropriately, and on that same day, defense counsel moved to set aside the default against Defendant.  *Id.*

Plaintiff did not explicitly respond to Defendant's motion to set aside.  However, the Court construes—to the extent it can—Plaintiff's motions for default judgment against Defendant which were received after Defendant moved to set aside the default as responses

in opposition to Defendant's motion. Pl.'s Mots. for Default J. Against White, ECF Nos. 100, 102. In both motions, Plaintiff simply recounts the dates relevant to default against Defendant, and requests entry of default judgment and damages. Pl.'s Mots. for Default J. Against White. Plaintiff's motions for default judgment filed before Defendant moved to set aside default (ECF Nos. 87, 88, 90, 94) are virtually identical to each other and to those filed after Defendant's motion was filed, and they do not provide any additional information relevant to the question whether to set aside default.

The Court finds Defendant has shown good cause for setting aside an entry of default. It is apparent Defendant's failure to timely answer was not willful, and his current counsel moved quickly to set aside default. He also asserts—albeit in a conclusory manner—that he has meritorious defenses. Def.'s Br. in Supp. of Mot. to Set Aside 4. Further, there does not appear to be any—and Plaintiff has not shown any—prejudice that would result from setting aside default.

Therefore, Defendant's motion to set aside default (ECF No. 97) is **GRANTED**. Defendant White shall have fourteen (14) days to file an answer or other responsive pleading. Plaintiff's motions for default judgment (ECF Nos. 87, 88, 90, 94, 100, 102) are **DENIED**.

SO ORDERED, this 31st day of October, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE