IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DELLWAYNE PRICE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | Case No. 5:22-CV-197-MTT-MSH |
| | : | |
| Sergeant WHITE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Pending before the Court are Plaintiff's motion for temporary restraining order ("TRO") and motion for preliminary injunction (ECF No. 85). For the following reasons, Plaintiff's motions should be denied.

In his motions, Plaintiff seeks an order compelling Defendants to engage in discovery with him, and an order directing Defendants to stop violating his Fourteenth Amendment Rights. *Id.* A preliminary injunction or TRO is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[1] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on

---

[1] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

As an initial matter, Plaintiff does not address the required factors to show that he is entitled to a TRO or preliminary injunction. The facts of this matter have also not yet been sufficiently developed to properly consider the required factors. Further, to the extent Plaintiff seeks an order compelling discovery, such an order is governed by Federal Rule of Civil Procedure 37.[2]

Finally, to the extent Plaintiff seeks a TRO or preliminary injunction to prohibit Defendants from violating his civil rights under the Constitution, Plaintiff in effect seeks an injunction commanding Defendants to "obey the law." Defendants are already required to comply with the Constitution. Accordingly, the Court recommends denying Plaintiff's motion for temporary restraining order and motion for preliminary injunction (ECF No. 85). *See Hughey v. J.M.S. Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) ("appellate courts will not countenance injunctions that merely require someone to 'obey the law.'").

## CONCLUSION

For the reasons explained above, **IT IS RECOMMENDED** that Plaintiff's motion for temporary restraining order and motion for preliminary injunction (ECF No. 85) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written

---

[2] Alternatively, construing Plaintiff's motion as one made under Rule 37, Plaintiff has not complied with Local Rule 37 as he has not certified that he has "has in good faith conferred or attempted to confer with" Defendants. *See* M.D. Ga. L.R. 37. Accordingly, the Court **DENIES** Plaintiff's motion (ECF No. 85) in the alternative.

objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof.  Any objection should be no longer than **TWENTY (20) PAGES** in length.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 8th day of January, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE