IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DELLWAYNE PRICE, | : |
| Plaintiff, | : |
| VS. | : Case No. 5:22-CV-197-MTT-MSH |
| Sergeant WHITE, *et al.*, | : |
| Defendants. | : |
| _____ | : |

**<u>ORDER</u>**

Pending before the Court are a motion to dismiss (ECF No. 91) filed by Defendants Eric Finch, Marcus Rogers, Tyee Brown, Carrington Williams, Joseph Williams, and Malcolm Williams and a motion to dismiss (ECF No. 106) filed by Defendant White. Before the Court can issue a recommendation on these motions, the Court requires further briefing by Defendants.

Regarding ECF No. 91, those Defendants assert "Plaintiff never complied with the Court's Second Order and has not provided any additional information or responded in any manner whatsoever to the discovery subsequent to the Court's Second Order." Defs. Finch, Rogers, Brown, C. Williams, J. Williams, M. Williams Mot. to Dismiss 2, ECF No. 91. As the Court noted in its recommendation to deny their prior motion to dismiss, Plaintiff responded to some of those Defendants' discovery requests despite those Defendants' characterization to the contrary. Order & R. 6-8, ECF No. 81. Further, the Court noted Defendants requested Plaintiff provide contact information for the named Defendants,

which they did not need Plaintiff to provide. *Id.* at 9.

As to their current motion to dismiss, these Defendants have not provided the Court with their requests to Plaintiff. While dismissal of an action for failure to appropriately comply with and participate in discovery is an available—if usually disfavored—sanction, the Court finds that under the circumstances, it must review these Defendants' discovery requests to Plaintiff before it can make an informed recommendation. *See Meyer v. Gwinnett Cnty. Police Dep't*, No. 21-12851, 2022 WL 2439590, at *9 (11th Cir. July 5, 2022) (per curiam) (citing *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (dismissal is only appropriate when "lesser sanctions would not suffice.").

The same is true of Defendant White's motion to dismiss. Defendant White's allegations involve "Plaintiff's refusal to completely respond to and comply with an order commanding Plaintiff to provide a response to the discovery at issue in the order." Def. White Mot. to Dismiss 2, ECF No. 106-1. Given this phrasing, it is unclear whether Plaintiff responded in-part but did not do so "completely" or whether Plaintiff did not respond at all to Defendant White's discovery requests.

Accordingly, Defendants are **ORDERED** to file supplemental briefing and supporting documentation regarding their motions to address the concerns raised herein. Defendants shall file with their supplemental briefing their discovery requests to Plaintiff and Plaintiff's responses, if any, thereto. If Plaintiff did not respond at all to Defendants' requests, Defendants shall file a certificate certifying such. Defendants' supplemental briefing shall not exceed five (5) pages. Defendants shall file their supplemental briefing

**within fourteen (14) days** of the date of this Order.  Thereafter, Plaintiff may file any desired response to Defendants' supplemental briefing within fourteen (14) days.

SO ORDERED, this 8th day of January, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE