**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

DELLWAYNE PRICE,                                    :
                                                    :
            Plaintiff,                              :
                                                    :
v.                                                  :        Case No. 5:22-CV-197-MTT-MSH
                                                    :
Sergeant WHITE, *et al.*,                           :
                                                    :
            Defendants.                             :
_____                :

## ORDER AND RECOMMENDATION

Pending before the Court are motions to dismiss filed by Defendants Eric Finch, Marcus Rogers, Tyee Brown, Carrington Williams, Joseph Williams, and Malcolm Williams, and by Defendant Jaylen White (ECF Nos. 91, 106), which argue that Plaintiff failed to comply with this Court's discovery orders and failed to participate in discovery. Also pending are Plaintiff's three motions to compel discovery (ECF Nos. 93, 109, 113), and motion for default judgment against Defendant White (ECF No. 110). For the reasons stated below, the Court recommends granting Defendants' motions to dismiss. Further, because Plaintiff has failed to provide service information as ordered by the Court, the Court also recommends dismissing Defendant Lee. The Court denies Plaintiff's motions to compel and his motion for default judgment against Defendant White.

**ORDER**

### 1. Motions to Compel

On July 19, 2023, the Court denied Plaintiff's first motion to compel (ECF Nos. 75, 81). Plaintiff has now filed three additional motions to compel discovery (ECF Nos. 93, 109, 113). Plaintiff's second motion to compel—received on September 26, 2023—seeks an order compelling Defendants to respond to his requests for production and requiring them to pay him $5,000.00 "as reasonable expenses in obtaining" the Court's order. Pl.'s 2d Mot. to Compel 1-3, ECF No. 93. His third motion to compel—received on November 27, 2023—is virtually identical to the second motion, except that it does not seek any expenses; the same is essentially true of Plaintiff's fourth motion to compel received by the Court on December 22, 2023. Pl.'s 3rd Mot. to Compel 1-4, ECF No. 109; Pl.'s 4th Mot. to Compel 1-4, ECF No. 113. Defendants Finch, Rogers, Brown, C. Williams, J. Williams, and M. Williams responded to Plaintiff's second motion to compel (ECF No. 98). For two reasons, the Court denies Plaintiff's motions to compel.

First, as the Court informed Plaintiff when it denied his first motion to compel, under the Local Rules of the United States District Court for the Middle District of Georgia, "[m]otions to compel disclosure or discovery will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action." Order & R. 3, July 19, 2023, ECF No. 81 (quoting M.D. Ga. L.R. 37). Plaintiff, again, "failed to attach a statement indicating he attempted to confer with Defendants concerning the discovery requests raised in his motion to compel." *Id.* The failure to attach a statement

2

indicating he attempted to confer with Defendants is, alone, grounds for denying Plaintiff's motions to compel, particularly considering Plaintiff was previously informed of the requirement to do so.

Second, Defendants show they did respond to Plaintiff's interrogatories and requests for production, and they attach a copy of Plaintiff's requests and their responses and document production to Plaintiff. Defs. Brown, Finch, Rogers, C. Williams, J. Williams, M. Williams Resp. to Pl.'s 2d Mot. to Compel, ECF No. 98. Plaintiff never replied to Defendants' response, and as a result, their contention that they responded is uncontested. Accordingly, Plaintiff's motions to compel discovery (ECF Nos. 93, 109, 113) are **DENIED**.

## 2. Motion for Default Judgment

On November 30, 2023, the Court received Plaintiff's motion for default judgment against Defendant White (ECF No. 110). Plaintiff previously filed six motions for default judgment against Defendant White (ECF Nos. 87, 88, 90, 94, 100, 102) that the Court denied. Order 3, Oct. 31, 2023, ECF No. 104. As in his prior motions, with the exception of attaching a handwritten copy of Federal Rule of Civil Procedure 12, "Plaintiff simply recounts the dates relevant to default against Defendant [White], and requests entry of default judgment and damages." Pl.'s Mot. for Default as to Def. White, Nov. 30, 2023, ECF No. 110; Order 3, Oct. 31, 2023. The Court previously set aside Defendant White's default. Order 3, Oct. 31, 2023. Accordingly, Plaintiff's motion for default judgment against Defendant White (ECF No. 110) is **DENIED**.

**RECOMMENDATION**

### 1.  Defendants' Motions to Dismiss

On December 8, 2022, Defendants filed a motion to compel (ECF No. 55) alleging Plaintiff failed to timely and adequately respond to their discovery requests.  Defs.' Br. in Supp. of Mot. to Compel 1, ECF No. 55-4.  At that time, Defendants alleged Plaintiff had provided no response to their First Request for Production of Documents or to Interrogatory Nos. 1, 2, and 3 of Defendants' First Interrogatories to Plaintiff.  *Id.*  In granting Defendants' motion to compel, the Court found Defendants' requests for production and answers to interrogatories were "proper under Rules 33 and 34."  Order 2, Jan. 17, 2023, ECF No. 58.  Plaintiff was ordered to comply with Defendants' "request for production by providing a response to Defendants' First Request for Production of Documents and Interrogatory Nos. 1, 2, and 3" (collectively "discovery requests") by February 21, 2023. *Id.*  The Court warned Plaintiff that "Rule 37(b) 'authorizes a district court to dismiss an action if a party fails to obey an order to provide or permit discovery.'"  *Id.* (citations and internal quotations omitted).  Plaintiff was further warned that "'Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.'"  *Id.* at 2-3 (citations omitted).

On March 3, 2023, Defendants Finch, Rogers, Brown, C. Williams, J. Williams, and M. Williams filed a motion to dismiss based on Plaintiff's alleged failure to respond to their discovery requests (ECF No. 61).  Based on Plaintiff's responses to their discovery requests at that time, the Court recommended denying the motion to dismiss, finding that Plaintiff had responded in part, even though certain of his responses were not adequate,

because dismissal for failure to comply with a discovery order is a last resort, and at that time, it was "not time for the last resort."  Order & R. 7-10, July 19, 2023, ECF NO. 81. The Court gave Plaintiff "one last chance to comply with the Court's previous discovery order" and he was warned that "[f]uture noncompliance will likely result in dismissal" of his Complaint.  *Id.* at 10.

On September 22, 2023, Defendants Finch, Rogers, Brown, C. Williams, J. Williams, and M. Williams again moved to dismiss (ECF No. 91) alleging Plaintiff failed to comply with the Court's prior order requiring Plaintiff to respond to Defendants' discovery requests, and on November 6, 2023, Defendant White moved to dismiss (ECF No. 106) on the same basis.  The Court subsequently ordered Defendants to clarify what requests Plaintiff had not responded to, and to certify whether Plaintiff had failed entirely to respond to Defendants' requests.  Order 2-3, Jan. 8, 2024, ECF No. 116.  Defendants responded by stating that Defendants had not served additional discovery requests since their earlier motion, but that Plaintiff failed to supplement his previous discovery responses as ordered by the Court.  Defs.' Resp. to Court Order 1-2, ECF No. 117.  Despite being provided with an opportunity to reply to Defendants' response (ECF No. 116, at 3), Defendant did not do so.

The "district courts have unquestionable authority to control their own dockets." *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1243 (11th Cir. 2023) (internal citations and quotation marks omitted).  Further, Federal Rule of Civil Procedure 37(b) gives "district judges broad discretion to fashion appropriate sanctions for violation of discovery orders[.]"  *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th

Cir. 1993).  As the Court previously noted, that broad discretion, however, is not without limits.  "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).[1]  On the other hand, "[w]hile disfavored, 'dismissal [with prejudice under Rule 37] may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault.'"  *Welch v. Comcar Indus.*, 139 F. App'x 138, 139 (11th Cir. 2005) (per curiam) (second alteration in original) (quoting *Phipps*, 8 F.3d at 790).  Of particular relevance here, while "dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Williams v. Geo Grp., Inc.*, No. 22-11266, 2023 WL 1957496, at *2 (11th Cir. Feb. 13, 2023) (per curiam) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "Even *pro se* litigants are under an obligation to obey discovery orders."  *Welch*, 139 F. App'x at 139 (quoting *Morton v. Harris*, 628 F.2d 438, 440 (5th Circ. Unit B 1980)).[2]

"A district court also possesses the power to dismiss an action under" Federal Rule of Civil Procedure 41(b) "for the failure to comply with court orders generally."  *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (per curiam) (citing *Moon*, 863 F.2d at 837)).  In order to dismiss an action under Rule 41(b), the district court must make two

---

[1]  Technically, the Court's ultimate recommendation is dismissal without prejudice.  However, because, as the Court notes in its discussion of the failure to serve Defendant Lee, the statute of limitations appears to have run, the dismissal of Plaintiff's Complaint would effectively be with prejudice.

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

findings: "(1) a clear record of delay or willful contempt; and (2) that lesser sanctions would not suffice." *Id.* (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). As the Court has previously noted, "dismissal under Rule 41(b) is a 'sanction of last resort'" but "where a litigant has been forewarned of the possibility of dismissal as a potential sanction," it is generally not an abuse of discretion to dismiss the action. *Id.* at 563-64 (first citing *Goforth*, 766 F.2d at 1535; and then citing *Moon*, 863 F.2d at 837). For the following reasons, the Court finds dismissal of Plaintiff's action is warranted under the facts of this case.

First, on January 17, 2023, the Court ordered Plaintiff to respond to Defendants' First Request for Production of Documents and to Interrogatory Nos. 1, 2, and 3—and it warned him that his Complaint could be dismissed under Rules 37 and 41(b) if he failed to comply. Plaintiff did not do so. As a result, pursuant to Rules 37 and 41(b), Defendants sought dismissal of Plaintiff's Complaint for his failure to comply with the Court's order and to participate in discovery. The Court recommended—and the district judge adopted—the denial of Defendants' motion to dismiss. In so doing, the Court ordered Plaintiff for a second time to respond to Defendants' discovery requests, and it again warned him that his Complaint could be dismissed if he failed to comply. Defendants now move for a second time under Rules 37 and 41(b) seeking dismissal of Plaintiff's Complaint for his failure to comply and to participate in discovery.[3] Plaintiff has been warned twice and provided with

---

[3] The Court notes that Defendant White moves—for a first time—to dismiss Plaintiff's Complaint. However, the Court finds its reasoning supporting its ultimate recommendation as to the motion to dismiss of Defendants Finch, Rogers, Brown, C. Williams, J. Williams, and M. Williams, is generally, if not equally, applicable to Defendant White's motion to dismiss, particularly given the

a second opportunity to respond to Defendants' discovery requests. He has not done so.

While Plaintiff technically filed responses to the current motions to dismiss, two of those responses appear to be an explanation of how complaints are screened under the Prison Litigation Reform Act. Pl.'s Resp. to Mot. to Dismiss, Oct. 17, 2023, ECF No. 101; Pl.'s Resp. to Mot. to Dismiss, Dec. 11, 2023, ECF No. 111. The third response appears to be an explanation of the standard operating procedures for the filing and the resolving of prison grievances. Pl.'s Resp. to Mot. to Dismiss, Dec. 15, 2023, ECF No. 112. As a result, Plaintiff has not controverted any of Defendants' contentions regarding his alleged failure to comply with the Court's orders and to participate in discovery.

Accordingly, the Court finds Plaintiff has evinced a clear record of delay or willful contempt. Plaintiff was ordered in January 2023 to comply with Defendants' discovery requests, and he was again ordered in July 2023 to comply with Defendants' discovery requests. He did not respond or supplement his inadequate responses. His responses to Defendants' pending motions to dismiss do not address the merits of the motions to dismiss, leaving the Court with little choice but to find Plaintiff exhibits a clear record of delay or willful contempt for this Court's prior orders. The Court further finds that a sanction less than dismissal will not suffice. Plaintiff has been ordered to comply with Defendants' discovery requests, and he did not do so. Plaintiff was then offered one final

---

Court's warnings to Plaintiff regarding his failures to respond, and the facts that the same counsel represents all Defendants and Defendant White is entitled to the discovery provided to the remaining Defendants because he is a party defendant. Further, Plaintiff has demonstrated a clear record of delay or willful contempt for this Court's orders, and a lesser sanction will not suffice given Plaintiff's refusals to comply—or even to respond to—this Court's orders.

chance to respond to Defendants' discovery requests, and he did not do so.  The Court finds

that an additional order to comply with Defendants' discovery requests is likely to produce

the same result.  In other words, an additional order to comply would result in Plaintiff

either disregarding the Court's order, or submitting the same responses that he has provided

to Defendants twice—the same responses the Court has already found to be inadequate.

Further, Plaintiff has been warned two times that his failure to respond and to comply with

the Court's order could result in dismissal of his Complaint under both Rule 37 and 41(b).

It is time for "the last resort."  The Court recommends Plaintiff's Complaint be dismissed

under Rule 37 for his failure to participate in discovery.  The Court further recommends

Plaintiff's Complaint be dismissed under Rule 41(b) for his failure to comply with the

Court's prior orders.  Accordingly, the Court recommends Defendants' motions to dismiss

(ECF Nos. 91, 106) be granted.

### 2.  Failure to Serve Defendant Lee

As Plaintiff is proceeding *in forma pauperis*, the officers of the Court must "issue

and serve all process[.]"  28 U.S.C. § 1915(d).  The Eleventh Circuit has held that "[i]t is

unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the

current addresses" of prison officials "who no longer work at the prison." *Richardson v.*

*Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010) (per curiam).  In that regard, the Court

directed service on Defendants, including Defendant Lee.  Order & R. 1, Aug. 30, 2022,

ECF No. 14.  The process receipt and return mailed to Macon State Prison ("MSP") for

Defendant Lee was returned unexecuted, and the envelope indicated delivery was refused

(ECF No. 26).  Thereafter, personal service was attempted on Defendant Lee (ECF Nos.

31, 45), but the service attempt failed because the Deputy United States Marshal was told by MSP personnel "that there was not a 'Lee – CERT Team Officer'" at MSP "currently or previously" (ECF No. 49). On August 23, 2023, the Court ordered Plaintiff to provide more identifying information to aid the Court in serving Defendant Lee, but Plaintiff did not respond. Order, Aug. 23, 2023, ECF No. 84. On October 18, 2023, still not having received a response from Plaintiff as to Defendant Lee, the Court ordered Plaintiff to show cause as to why Defendant Lee should not be dismissed for failure to effect service (ECF No. 103). As of the date of this recommendation, Plaintiff has yet to respond to the Court's orders regarding its attempts to serve Defendant Lee.

Federal Rule of Civil Procedure 4(m) requires that, if "a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows good cause, the Court "must extend the time for service for an appropriate period." *Id.* As Plaintiff has failed to respond entirely to any of the Court's attempts (ECF Nos. 84, 103) to obtain identifying information as to Defendant Lee in order to effect service, the Court finds Plaintiff has not shown good cause for extending the time for service.

The Court has considered "whether any . . . circumstances warrant an extension of time based on the facts of [this] case" and finds no factors warranting an extension of time. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). The Court notes the statute of limitations appears to have run, as Plaintiff alleges Defendants' actions occurred in August 2021. Attach. to Compl. 2, ECF No. 1-1. For § 1983 claims,

10

Georgia's statute of limitations is two years. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam).  The running of the statute of limitations does not require the Court to "extend time for service of process under Rule 4(m)," but the Court must consider this factor. *Lepone-Dempsey*, 476 F.3d at 1281.

The Court has considered whether an extension of time to serve Defendant Lee is warranted under the facts of this case, as well as the running of the statute of limitations, and finds that no extension of time is warranted.  Plaintiff has not responded to the Court's two prior orders and efforts to serve Defendant Lee.  Without any clarification from Plaintiff, the Court simply cannot serve Defendant Lee, and this matter cannot continue against Defendant Lee.  While the Court recognizes the apparent running of the statute of limitations, Plaintiff has not responded to the Court's orders.  This matter has been pending since May 2022, at which point, the claims had been ripe for statute of limitations purposes for over nine months of the possible twenty-four months permitted under Georgia's statute of limitations.  Although the Court did not order Plaintiff to clarify the identity of Defendant Lee until after the statute of limitations had run, had Plaintiff responded with clarification about Defendant Lee's identity, it is possible the Court could have effected service on Defendant Lee with assistance from counsel for Defendants.  It has been nearly seven months since the Court ordered Plaintiff to respond regarding Defendant Lee, and no response has been forthcoming.  Accordingly, the Court recommends Defendant Lee be dismissed pursuant to Rule 4(m).

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' motions to dismiss (ECF Nos. 91, 106) be **GRANTED**, and that Defendant Lee be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof.  Any objection should be no longer than **TWENTY (20) PAGES** in length.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED,** this 19th day of March, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE